**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000117
05-NOV-2014
09:05 AM**

NO. CAAP-12-0000117

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JAMES J. PAPPAS, Plaintiff-Appellee,
v.
CHAD DURAN and JONNAVEN MONALIM, Defendants-Appellants,
and
MILES KIMHAN, Defendant-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1606)


MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Defendants-Appellants Chad Duran and Jonnaven Monalim (collectively Appellants) appeal from an Amended Final Judgment filed on January 27, 2012 by the Circuit Court of the First Circuit[1] (circuit court) in favor of Plaintiff-Appellee James J. Pappas (Pappas). The judgment was based on the circuit court's July 6, 2011 order granting summary judgment in favor of Pappas.

On appeal, Appellants argue that the circuit court erred in granting summary judgment to Pappas because there remain genuine issues of material fact.

For the reasons discussed below, we affirm in part and vacate in part.

---

[1] The Honorable Gary W.B. Chang presided.

**I.     Background**

           This appeal arises out of an action to recover amounts
allegedly owed under two promissory notes.  In October 2007,
Appellants joined with Miles Kimhan (Kimhan) to form NEX
Generation Kapolei, LLC (NEX Kapolei) for the specific purpose of
developing a parcel of land located at 1019 Lauia Street,
Kapolei, Hawai'i 96707 (subject property).  NEX Kapolei began to
develop the subject property from vacant land to an "industrial
warehouse condominium project" with ten separate bays or units.

           Appellants and Kimhan borrowed $300,000 from Pappas for
the purpose of developing the subject property.  In return, they
signed a promissory note dated May 23, 2008 (May Note) in which
they agreed to pay Pappas a total of $330,000, which "shall be
payable on the 30th day of September, 2008, and a Lump sum
payable on or As [sic] soon as the First Units close escrow from
our Kapolei Warehouse Development, on which date the entire
unpaid balance with accrued interest shall be due and payable."
In the event of default, the May Note also provided that "the
entire amount of principal and interest owing hereon shall
immediately become due and payable at the election of the holder
hereof, notice of such election is hereby waived, and this note
shall thereafter bear interest at $5,000 per month[.]"  As to
extending due dates, the May Note provided that:

> No extension of the time for payment of this note or any
> installment hereof made by agreement with any person now or
> hereafter liable for the payment of this note shall operate
> to release, discharge, modify, change, or affect the
> original liability under this note, either in whole or in
> part, of the undersigned.

           In June 2008, Appellants and Kimhan borrowed an
additional $550,000 from Pappas.  Appellants and Kimhan signed a
promissory note dated June 16, 2008 (June Note) in which they
agreed to pay Pappas the principal sum of $550,000, together with
interest payment of $55,000 "at the closing of the first
transaction for NEX Generation LLC Warehouse in Kapolei Business
Park or February 18, 2009, whichever comes first."  In the event

of default, the June Note would bear interest at 15% per annum until fully paid.

Pursuant to both Notes, Appellants and Kimhan agreed to pay all costs of collection, including reasonable attorneys' fees, and that they would "perform and comply with each" of the "conditions, provisions, and agreements of the undersigned contained in this note."

On November 20, 2008, NEX Kapolei sold unit #10 at the subject property for $552,000 to SJT Lauia LLC (SJT Lauia), which executed a purchase money real property mortgage agreement and a promissory note in the amount of $552,000.[2] Appellants did not make any payments to Pappas.

Appellants claim that they, along with Kimhan, met with Pappas on March 20, 2009 to discuss repayment of the loans. The parties do not dispute that, on that same day, Appellants and Kimhan signed the back of a copy of the SJT Lauia promissory note with the following notation: "This note is assigned to Waikii Ventures Inc. by our endorsement signed below: NEX Generation Kapolei, LLC . . . Effective Date 3-20-09."[3] The parties dispute, however, the effect of the assignment of the SJT Lauia note on Appellants' obligations under the May and June Notes. In his declaration submitted in support of his summary judgment motion, Pappas asserts that he accepted the assignment as a partial credit for the amounts then owing to him. To the contrary, the Appellants submitted counter declarations in which they contend that Pappas told them to make the assignment and he would let them "out of" the June Note "and have that resolved."

---

[2] The promissory note provided that SJT Lauia would make monthly payments to NEX Kapolei, which were to begin on January 1, 2009, with all principal, interest, and other charges to become due on December 1, 2011.

[3] Appellants claim that Pappas told them Waikii Ventures, Inc. was one of Pappas' companies. That same day, SJT Lauia acknowledged that the promissory note was transferred to Waikii Ventures in a written and signed document. The official mortgage assignment was signed over to Keeau Business Park, LLC, not Waikii Ventures, a fact that both parties fail to explain. In any event, SJT Lauia began making monthly payments to Pappas in April 2009.

On July 13, 2009, Pappas initiated this action against Appellants and Kimhan for failure to make repayment on the May and June Notes. After Pappas filed a motion for summary judgment, Kimhan negotiated a settlement with Pappas and was dismissed from the action. The circuit court subsequently granted Pappas's motion for summary judgment against Appellants.

Apparently taking into account outstanding principal, interest on the Notes, and various offsets of amounts paid to Pappas,[4] the circuit court entered its Amended Judgment against Appellants in "the principal amount of $338,829.25, together with interest thereon from April 30, 2011 at the per diem rate of $166.66 through July 6, 2011 and statutory judgment interest thereafter; and for attorneys fees of $44,769.40 and costs of $2,357.64 and statutory judgment interest thereon[.]"

## II. Discussion

Appellants argue that the circuit court committed reversible error when it granted summary judgment to Pappas despite numerous genuine issues of material fact. "We review the circuit court's grant or denial of summary judgment *de novo*." Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005).

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

---

[4] The circuit court approved Pappas' good faith settlement with Kimhan, which entitled Appellants to a credit of $110,000. Between the filing of Pappas' motion for summary judgment and the circuit court's judgment, two more units at the subject property were sold, and a total of $55,000 of the proceeds went to Pappas as repayment. These credits, along with the $552,000 SJT Lauia assignment, appear to have been taken into account in the circuit court's Amended Judgment.

4

Id. (citation and brackets omitted).

As the party seeking summary judgment, Pappas had the initial burden of establishing that summary judgment was appropriate. Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 295-96, 141 P.3d 459, 468-69 (2006). Pappas submitted his declaration and attached exhibits, including the May Note, the June Note, and documents related to the assignment of the SJT Lauia promissory note. This evidence supported Pappas's position that Appellants were liable to him for the remaining debt on the May and June Notes. The burden thus shifted to Appellants to respond to the motion and demonstrate why summary judgment was not appropriate. Id. at 296, 141 P.3d at 469.

In their opposition memorandum, Appellants submitted their respective declarations and exhibits, and asserted that they were not liable under theories of "oral modification," "waiver," "implied contract," and "accord and satisfaction." Appellants argued that they had not waived the defenses of oral modification, implied contract, and accord and satisfaction by not pleading these defenses in their answers. Although the circuit court did not make an explicit ruling in this regard, it did question whether these defenses had been waived. The circuit court concluded that there were no genuine issues of material fact and that Pappas had established his entitlement to summary judgment.

## A. Affirmative Defenses

Affirmative defenses must be pleaded under Hawai'i Rules of Civil Procedure (HRCP) Rule 8(c) and the failure to do so may result in their waiver.[5] See Touche Ross Ltd. v. Filipek,

---

[5] HRCP Rule 8(c) provides in pertinent part:

(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress,
(continued...)

7 Haw. App. 473, 487, 778 P.2d 721, 730 (1989). ("[A]ny matter that does not tend to controvert the opposing party's prima facie case as determined by applicable substantive law should be pleaded[.]" (citation, internal quotation mark and brackets omitted)).

Based on our review of Appellants' answers, there is nothing therein to indicate that Appellants would be relying on defenses based on "oral modification" or "implied contract." Because Pappas appears to have timely objected to the assertion of these defenses, and Appellants do not contend otherwise, these defenses were waived. <u>Cf</u>. <u>Hawaii Broadcasting Co. v. Hawaii Radio, Inc.</u>, 82 Hawai'i 106, 112-13, 919 P.2d 1018, 1024-25 (App. 1996).

As to Appellants' other theories of defense, they clearly asserted "waiver" as a defense in their answers. Thus, this defense was no doubt preserved.

Moreover, although a closer call, we will consider Appellants' arguments based on "accord and satisfaction." In their answers, Appellants asserted a defense based on "satisfaction and release," which Pappas correctly argues is somewhat distinct from an "accord and satisfaction."[6] However, given that Hawai'i has embraced notice pleading, we think sufficient notice was given and that we should consider the merits of the defense.

> We believe that the mandate of H.R.C.P. Rule 8(f) that "all pleadings shall be so construed as to do substantial justice" epitomizes the general principle underlying all

---

(...continued)
> estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

[6] Pappas argues that a "release" is a formal relinquishment of the right to enforce the original obligations and not necessarily a compromise, as in an accord and satisfaction. Indeed, accord and satisfaction is "an agreement, followed by an execution, to discharge a demand by the giving and acceptance of something different from that to which the creditor is entitled." 1 Am. Jur. 2d <u>Accord and Satisfaction</u> § 3 (2005).

> rules of H.R.C.P. governing pleadings, and by the adoption of H.R.C.P. we have rejected "the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome" and in turn accepted "the principle that the purpose of pleading is to facilitate a proper decision on the merits."

Hall v. Kim, 53 Haw. 215, 221, 491 P.2d 541, 545 (1971) (citation omitted).

Therefore, we evaluate below whether Appellants raised genuine issues of material fact sufficient to preclude summary judgment based on defense theories of "waiver" and "accord and satisfaction."

**B.    Evidence Adduced By Appellants**

Based on our *de novo* review of the record, we conclude that Appellants have not raised any genuine issues of material fact as to the May Note, but that genuine issues of material fact were raised as to the June Note.

**1. Waiver**

"Waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of such surrender[.]" Wilart Assoc. v. Kapiolani Plaza, Ltd., 7 Haw. App. 354, 359, 766 P.2d 1207, 1210 (1988) (citation and internal quotation marks omitted) (block quote format altered). A waiver "may be expressed or implied, and it may be established by express statement or agreement, or by acts and conduct from which an intention to waive may reasonably be inferred." Id. at 359-60, 766 P.2d at 1210-11 (citations, internal quotation marks, and brackets omitted).

By its terms, the May Note required Appellants to pay Pappas $330,000 by September 30, 2008, and any unpaid balance and interest "[a]s soon as the First Units close escrow[.]" The May Note also provided that no extension would modify the original liability. In their declarations, the Appellants claim -- at most -- that at the time the agreement was made, they "told Mr. Pappas that we would be paying back the loan when the units at the subject property were sold" and that he "understood and agreed to this." First, it is doubtful that Appellants' reliance

on parole evidence is appropriate, because the May Note sets a due date of September 30, 2008, and provides that even if there are any extensions, the original liability remains. "The parole evidence rule precludes the use of extrinsic evidence to vary or contradict the terms of an unambiguous and integrated contract." Hawaiian Ass'n of Seventh-Day Adventists v. Wong, 130 Hawai'i 36, 45, 305 P.3d 452, 461 (2013) (citation and quotation marks omitted) Second, even if the Appellants' declarations are considered, it appears Appellants were in default on the May Note. That is, it is undisputed that unit #10 was sold and yet Appellants made no payment to Pappas. Thus, we conclude that given the evidence adduced by Appellants in opposition to the summary judgment motion, they failed to show that there is any genuine issue of material fact and Pappas did not waive his rights *under the May Note.*

As to the June Note, however, Appellants' declarations do raise genuine issues of material fact as to whether Pappas waived his rights. Appellants attest that:

> On or about March 20, 2009, [Appellants and Kimhan] met with Mr. James Pappas at Sizzler's Waipahu to discuss repayment on the loans. At said meeting, Mr. Pappas said to sign over bay ten RIGHT NOW and he will let us out of the June 2008 $500,000.00 note and have that resolved. [Appellants and Kimhan] all agreed to Mr. Pappas' demand.

(Emphasis added.) It is undisputed that Appellants and Kimhan then assigned the SJT Lauia promissory note to Pappas pursuant to a handwritten note.

Pappas disputes that he took the assignment as full payment of the June Note, attesting instead that:

> Effective April 1, 2009, I accepted an assignment of a note and mortgage from the defendants as a partial credit of $552,000.00 against the then balance due on both Notes. No other payments have been received with respect to either Note and both the May Note and the June Note remain unpaid and in default.
>
> . . . This assignment was not a full final payment on either of the two Notes. The assignment doesn't expressly reference either of the Notes, much less have a specific agreement that the assignment is final payment in full.

(Emphasis added.)

Given the evidence adduced by Pappas and the contrary evidence submitted by Appellants, there are genuine issues of material fact whether Pappas waived his rights under the June Note.

### 2.  Accord and Satisfaction

This court has previously utilized the following prerequisites for an effective accord and satisfaction:

> (1) existence of a "bona fide dispute" between the parties involved, (2) tender by the obligor which gives the obligee adequate notice that a compromise is being proposed, and (3) effective acceptance of the compromise offer in order to discharge the original obligation.

Rosa v. Johnston, 3 Haw. App. 420, 423, 651 P.2d 1228, 1232 (1982).  "[A]n accord and satisfaction is a new contract" and "the essential elements of 'accord and satisfaction' are an agreement to settle a dispute and consideration which supports the agreement."  1 Am. Jur. 2d Accord and Satisfaction § 4 (2005).  "Any new consideration, though insignificant or technical, is generally regarded as sufficient to support a contract of accord and satisfaction[,]" and "[i]f a creditor accepts payment of a liquidated demand in a different medium from that called for by the contract between the parties, in full discharge of the demand, there is a sufficient new or additional consideration to support the transaction as an accord and satisfaction."  Id. at §§ 28, 33.

Appellants do not adduce any evidence that there was an accord and satisfaction as to the May Note.  However, given the assertions in Appellants' declarations surrounding the March 20, 2009 meeting, that Pappas indicated the June Note would be "resolved" if Appellants and Kimhan signed over unit #10, and that the SJT Lauia note was assigned to Pappas, it appears that there are genuine issues of material fact whether Appellants and Pappas came to an accord and satisfaction, i.e. new agreement, as to repayment of the June Note.

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

## III. Conclusion

Based on the above, the January 27, 2012 Amended Judgment and the July 6, 2011 order granting summary judgment in favor of Pappas, entered by the Circuit Court of the First Circuit, are hereby: (a) affirmed to the extent that judgment was entered in favor of Pappas on the May Note; and (b) vacated to the extent that judgment was entered in favor of Pappas on the June Note. The case is remanded to the circuit court for further proceedings consistent with this opinion.

DATED: Honolulu, Hawaiʻi, November 5, 2014.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
(Dubin Law Offices)
for Defendants-Appellants

Gary G. Grimmer
(Gary G. Grimmer & Associates)
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

10